UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE MAXEAU,

Petitioner,

v. Case No.: 2:26-cv-02496-SPC-NPM

DAVID HARDIN *et al.*,

Respondents,

______________________________/

**OPINION AND ORDER**

Before the Court are George Maxeau's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Maxeau is a native of Haiti who entered the United States on a B-1 visitor visa with authorization to remain until April 29, 2008. Maxeau did not leave the country, and the Department of Homeland Security commenced removal proceedings on June 27, 2008, by issuing a notice to appear. The record does not reflect any activity in the removal proceedings until May 1, 2025, when local police arrested Maxeau for violation of a local ordinance. Immigration and Customs Enforcement (ICE) issued an immigration detainer and took custody of Maxeau on May 6, 2025.

The Court granted Maxeau's first habeas petition in Case No. 2:26-cv-1359-SPC-NPM and ordered the government to bring him before an immigration judge for a bond hearing. The government complied, and an

immigration judge denied bond after finding Maxeau a danger to the community due to his two DUI arrests. The Court granted Maxeau's second habeas petition in Case No. 2:26-cv-2184-SPC-NPM and ordered the government to afford him a second bond hearing with additional guidelines. In the bond hearing that followed, an immigration judge found Maxeau a flight risk and denied bond. Then on September 16, 2026, an immigration judge ordered Maxeau removed to Haiti. Maxeau reserved his right to appeal, so the removal order is not administratively final.

Maxeau now argues his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because (1) he has been detained for more than six months after entry of the removal order, and (2) there is no significant likelihood of removal in the reasonably foreseeable future. But the *Zadvydas* framework applies to noncitizens detained under 8 U.S.C. § 1231 because they are subject to administratively final removal orders. Maxeau's removal order is not administratively final because the time to appeal has not elapsed. Maxeau is detained under 8 U.S.C. § 1226(a), and the *Zadvydas* framework does not apply. As the Court held in the prior habeas actions, Maxeau was entitled to a bond hearing, and he received it. Maxeau is not entitled to habeas relief on any ground raised in his third petition.

Accordingly, it is hereby

**ORDERED**:

George Maxeau's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record